JESSE A.P. BAKER (ISB 8411)
jbaker@aldridgepite.com
LESLEY D. LUEKE (ISB 10477)
llueke@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Movant*
Citibank, N.A.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAMON VELAZQUEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING, LLC, a Delaware limited liability company and MIDLAND CREDIT MANAGEMENT, INC, a Kansas Corporation,<br><br>        Defendants. | Case No. 1:18-CV-00043-CWD<br><br>Complaint Filed: January 29, 2018<br><br>**REPLY TO OPPOSITION TO AMENDED MOTION TO QUASH SUBPOENA DUCES TECUM** |

       Citibank, N.A. ("Citi"), by and through its counsel of record, Aldridge Pite, LLP, hereby submits its Reply to Opposition to Amended Motion to Quash Subpoena Duces Tecum ("Reply").

### I.  INTRODUCTION

       In his Opposition to Amended Motion to Quash Subpoena Duces Tecum ("Opposition") Plaintiff disingenuously attempts to disguise his obvious fishing expedition into Citi's records for non-relevant information that is clearly beyond the scope of Plaintiff's account with Citi. Without any evidence or foundation, Plaintiff attempts to besmirch Citi's good name with hollow allegations that Citi has a practice of overcharging Idaho residents and it attempting to hide its practices. To the contrary, Citi has offered to provide Plaintiff information regarding Plaintiff's account and similar Citi accounts in response to Plaintiff's original subpoena and amended subpoena. The Plaintiff's problem is the account has nothing

to do with any Consent Orders and Citi only has 68 other relevant Best Buy accounts that are responsive to the subpoena. Make no mistake about it, Plaintiff wanted and thought the relevant accounts would be a lot more than 68 accounts. Therefore, rather than accept the responsive information Citi is willing to provide regarding the relevant accounts, he is attempting to expand the scope extremely beyond Plaintiff's account. Indeed, Plaintiff is requesting Citi create a "list" of all Idaho residents (now or when the accounts were open, or both?), issued a refund (adjusted account, sent check, credited account?) for overcharges (what does overcharges mean?) assessed (what it assessed?) by Citi in the past three years (any and all Citi accounts with any "overcharge" or refund?) whose accounts were sold to Midland Funding or Midland Credit Management. Rather than meet his burden in providing to the Court that the subpoena is narrowly tailored to obtain the relevant information from Citi, Plaintiff attacks Citi for asserting the privacy rights of its unrelated client accounts and objecting to the obviously irrelevant, overbroad, and unduly burdensome request. Plaintiff has various other options to obtain information potentially relevant to his case, however, the answer is not to force Citi to create information beyond the scope of Plaintiff's account and in violation of its other clients' privacy rights. Citi remains willing to provide Plaintiff the responsive information for the other 68 Best Buy Accounts that are responsive to the subpoena.

## II. LEGAL ARGUMENT

### A. THE SUBPOENA IS OVERBROAD AND PLAINTIFF IS NOT ENTITLED TO INFORMATION RELATING TO NON-BEST BUY ACCOUNTS.

Plaintiff is attempting to certify a large class of plaintiffs based on an unfounded theory that if Midland Funding, LLC, by and through Midland Credit Management, Inc. (collectively "Midland") settled a claim based on a slightly overstated total amount due, then other consumers *must* be in the same position. Plaintiff is seemingly unaware of any other similarly situated plaintiff as he would have joined others as plaintiffs or as a co-lead plaintiff in his original or amended Complaint. Plaintiff's subpoena was issued for the sole purpose of fishing for information that is not relevant to his Best Buy account with Citibank and to certify a class with members far more numerous than the initial 69 Best Buy account holders.

Plainitff is requesting confidential account information relating to Citibank customers. As the information is confidential, Plaintiff bears the burden of establishing the relevance and need for the information. *See, Yellow Robe v. Allender*, 2010 U.S. Dist. LEXIS 43242, *17. Plaintiff has not met that

burden.

Plaintiff's account with Citibank originated when Plaintiff opened a Best Buy credit card. Citibank inadvertently assessed fees and/or costs to the account which were not permitted under the Card Agreement, and after internally identifying the issue, Citi refunded the amount of unwarranted fees and/or costs in the amount of $88.11. Plaintiff is seeking confidential account information for other customers who opened accounts with Citibank, which were unrelated to Best Buy accounts. To be clear, Citibank is not opposed to providing Plaintiff with the information requested as it relates to Best Buy accounts. However, the inadvertent assessment of unwarranted fees and costs which resulted in a subsequent refund was limited to Best Buy accounts. Non-Best Buy accounts are unrelated to Plaintiff's account, and are therefore not relevant to Plaintiff's class certification. Plaintiff is not the proper plaintiff to certify a class based on any non-Best Buy accounts previously held by Citibank that would otherwise fall within the scope of the subpoena. Plaintiff has not met that burden here. Accordingly, account information as it pertains to non-Best Buy accounts and any notices thereon are not relevant and account information beyond the scope of Best Buy accounts is overbroad

**B.    THE SUBPOENA IS UNDULY BURDENSOME AND CALLS FOR CREATION OF DOCUMENTS**

Citibank does not possess a list of *all* accounts which may be responsive to the Subpoena. Disclosing this information would require the creation of a document, which may include the use of search queries. However, due to the multiple types of accounts that may be responsive, Citi would be required expend an unknown amount of hours researching accounts for the particular type of "overcharge" at issue. A query for a "refund" would result in countless unresponsive and unrelated accounts as results would include, for example, accounts were a merchant issued a credit due to the return of an item purchased using the Citibank account or credit card. Citibank would likely have to manually search and review hundred or thousands of potentially responsive accounts and then prepare the information in a sharable, readable document or spreadsheet. It is unclear how many hours it would take Citibank's internal research team to complete this task, but the creation of the document would take several hours at minimum due to the nature of the vague term "overcharges".

Plaintiff relies on *Meredith v. United Collection Bureau, Inc.*, in urging the Court to require Citibank to create a document containing the specific account information requested. In *Meredith*,

Google, a third party, was served a subpoena, which the Court upheld, requiring it to write new code to produce compile the information requested in the subpoena. 319 F.R.D. 240 (N.D. Ohio 2017). Google is a tech company and is unquestionably capable of writing such code to comply with the subpoena. In contrast, Citibank is a financial institution and not similarly equipped to write code to produce account information.

Citibank has already disclosed to Plaintiff that the refund at issue in Plaintiff's account and the other 68 responsive Best Buy accounts was a result of an internal issue only affecting Best Buy accounts. Requiring Citibank to further research all refunds issued on accounts later sold to Midland would cause Citibank to incur significant costs for use of its record keeping equipment and its staff. Accordingly the request is unduly burdensome and the subpoena must be quashed.

**C.   THE SUBPOENA IS UNCLEAR AS IT RELATES TO NON-BEST BUY ACCOUNTS**

The term "overcharge" when referencing Best Buy accounts is clear as it relates to a single scenario across multiple Best Buy accounts where Citibank inadvertently assessed fees/costs to the accounts. However, when read in the context of non-Best Buy accounts, "overcharge" could include fees/costs properly charged, but later removed by a customer's request. As a similar scenario did not cause Citibank to refund overcharges on non-Best Buy accounts, the term "overcharges" is unclear as to non-Best Buy accounts. In the event the Court denies the Amended Motion to Quash, Citibank respectfully requests the court define the term "overcharge".

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

### III. CONCLUSION

For the reasons set forth above, the Court should grant Citi's Amended Motion to Quash, or, in the alternative, determine and limit the scope of the information Citi must provide, and define "overcharge".

**WHEREFORE**, Citi prays for an order as follows:

1. The Court grant the Motion to Quash in its entirety;
2. Alternatively, for an order limiting and modifying the scope of the Subpoena;
3. For reasonable attorneys' fees and costs; and
4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: February 19, 2019

/s/ Lesley D. Lueke
Lesley D. Lueke (ISB 10477)
Attorneys for Citibank, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of February 2019 I filed the foregoing electronically through CM/ECF system, which caused the following parties or Counsel to be served via electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Ryan Adam Ballard**
  ryanballardlaw@gmail.com
  Attorneys for Plaintiff

- **Jason R Mau**
  jmau@parsonsbehle.com,kaulenbacher@parsonsbehle.com, lpena@parsonsbehle.com

  Attorneys for Defendants

- **Fredric V Shoemaker**
  fshoemaker@parsonsbehle.com, lpena@parsonsbehle.com

  Attorneys for Defendants

/s/ *Lesley D. Lueke*